OPINION
{¶ 1} Appellant appeals his conviction by a jury in the Stark County Common Pleas Court on one count of Assault of a Peace Officer.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about 12:45 a.m. on February 2, 2003, Canton Police Officer Michael Walker observed a vehicle driving erratically, which refused to stop when signaled. (T. at 90-91).
 {¶ 4} The officer called for backup and continued to pursue the vehicle, which eventually pulled into a parking area where Appellant jumped out and took flight. (T. at 93-95).
 {¶ 5} Officer Walker's partner ran after Appellant while Officer Walker spoke with the driver of the vehicle, Stacy Green, who was crying and stated that the reason she did not stop when signaled was that Appellant had struck her and was choking her at the time. Id.
 {¶ 6} Officer Walker was notified that the suspect had been located in the 700-800 block of Shorb Avenue and proceeded to that area. (T. at 99).
 {¶ 7} Officer Charles Saler arrived on the scene before Officer Walker, having heard the same dispatch regarding the suspect's whereabouts. Officer Saler had his canine partner Maxwell with him when he apprehended Appellant. Id.
 {¶ 8} Upon locating Appellant, Officer Saler ordered Appellant to get down and when he refused, Officer Saler released Maxwell.
 {¶ 9} Once Maxwell had "engaged" Appellant, Officer Saler attempted to handcuff Appellant and was struck on the chin by Appellant.
 {¶ 10} At that time, Appellant was arrested and charged with Abduction and Assault of a Police Officer.
 {¶ 11} On March 13, 2003, the Stark County Grand Jury indicted Appellant on one count of Assaulting a Police Officer, a felony of the fourth degree and one count of Domestic Violence, a first degree misdemeanor.
 {¶ 12} The matter proceeded to a jury trial on April 7-8, 2003.
 {¶ 13} At the close of the State's case, the defense moved for acquittal as to the charge of domestic violence, which was granted by the court.
 {¶ 14} On April 8, 2003, the jury returned a verdict of guilty on the charge of Assault of a Police Officer and the trial court sentenced Appellant to sixteen (16) months in prison.
 {¶ 15} It is from this conviction which Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 16} "THE JURY VERDICT FINDING APPELLANT GUILTY OF ASSAULTING A POLICE OFFICER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 17} In his sole assignment of error, Appellant challenges the jury's verdict as being against the manifest weight of the evidence. We disagree.
 {¶ 18} Appellant essentially argues that the testimony of the officers was not credible.
 {¶ 19} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 20} When a court of appeals reverses a judgment on the basis that the verdict is against the weight of the evidence, the appellate court sits as a thirteenth juror, and disagrees with the fact-finder's resolution of the conflicting testimony. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 21} In the instant case, Officer Walker testified that he witnessed Appellant refuse to comply with Officer Saler's order to get down and he witnessed Officer Saler release Maxwell. (T. at 101.) He further testified to a struggle between Appellant and Officer Saler and that he could see Appellant's arms flailing toward Officer Saler and that he appeared to be punching at him. (T. at 105, 111, 112).
 {¶ 22} Officer Saler testified that while he was in the process of physically apprehending Appellant, Appellant rolled to his side and struck him on the chin with a closed fist. (T. at 122). He also testified that Appellant next proceeded in kicking Maxwell in the head. Id.
 {¶ 23} The only possible discrepancy between the testimony of the officers is that Officer Walker testified to seeing Appellant swing at Officer Saler prior to his falling, or being pulled to the ground by Maxwell, whereas Officer Saler testified that Appellant was on the ground when he struck him with a blow to the chin.
 {¶ 24} We do not find the above accounts necessarily in conflict, both accounts could be accurate. Even if the jury chose to believe one account and not the other, the jury would still have enough evidence to find that Appellant assaulted a police officer.
 {¶ 25} Based on the foregoing, we find that the jury did not clearly lose its way in resolving any possible conflicts in the testimony. The judgment is not against the manifest weight of the evidence.
 {¶ 26} The sole assignment of error is overruled.
 {¶ 27} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J. and Wise, J. concur.